UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

File No. 1118-503

----------------------------------------------------------x

STERLING NATIONAL BANK

                  Plaintiff,

                    v.

HI-TECH MARKETING d/b/a EZ CREDIT CORP.,
JEROME N. GREENBERG and GERALD P.
BOND, Individually,

                  Defendants.

----------------------------------------------------------x

CIVIL ACTION
Case No.: 07-cv-8809
(Lynch)
**COMPLAINT**

       Sterling National Bank ("SNB" or "Plaintiff"), by its attorneys, Platzer, Swergold,

Karlin, Levine, Goldberg & Jaslow, LLP as and for its complaint herein against the defendants

alleges as follows:

## THE PARTIES

       1.      SNB is a national banking association organized under and pursuant to the laws of

the United States of America, with its principal place of business in the State of New York, and

doing business at 500 Seventh Avenue, New York, New York 10018.

       2.      Defendant, Hi-Tech Marketing ( "Corporate Defendant" or "Borrower") is, upon

information and belief, a partnership duly organized under and pursuant to the laws of the State

of California with its principal place of business located at 167 Lambert Street, Oxnard,

California and is doing business as EZ Credit Corp.

       3.      Upon information and belief, Jerome N. Greenberg ("Greenberg"), is and, at all

times hereinafter mentioned, was an individual residing and domiciled at 549 Windgate Road,

DeRidder, Louisiana 70634.

4.      Upon information and belief, Gerald P. Bond ("Bond"), is and, at all times hereinafter mentioned, was an individual residing and domiciled at 2850 Camino Dos Rios, Apt. #5, Newbury Park, California (Greenberg together with Bond referred to herein as the "Guarantors").

## JURISDICTION AND VENUE

5.      This court has jurisdiction over the subject matter of this action under 28 U.S.C. Section 1332(a), by virtue of the diversity of citizenship between Plaintiff and Defendants. Further, the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

6.      The venue of this action is properly brought in this District pursuant to 28 U.S.C. Section 1391(a), because the Plaintiff conducts business and/or resides in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## FACTUAL BACKGROUND COMMON TO ALL CLAIMS

7.      On or about March 22, 2000, the Corporate Defendant entered into a Loan, Security and Service Agreement ("LSSA") with the Plaintiff whereby the Corporate Defendant was granted a revolving line of credit by the Plaintiff.

8.      A copy of the LSSA is annexed hereto and made a part hereof as Exhibit "A".

9.      Paragraph numbered "1.1(b)(I)"of the LSSA provided, *inter alia,* that Corporate Defendant could borrow from Plaintiff up to the Advance Limit defined therein in the aggregate amount of $500,000.00 or 75% of the amount of the Corporate Defendant's Eligible Receivables as defined in the LSSA.

10.      Paragraph numbered "1.1(b)(ii)" of the LSSA provided, *inter alia*, that Plaintiff could, in its discretion, increase the amount of the Advance Limit.

11.    The LSSA provides for interest to be paid upon the outstanding balance in the amount of the greater of 18% or 9% above the Base Rate, as defined therein.

12.    The LSSA also provided, *inter alia*, that the Corporate Defendant granted Plaintiff a first priority continuing security interest in certain Collateral, as defined in Article numbered "2" of the LSSA, including but not limited to, such Corporate Defendant's inventory and account receivables.

13.    The LSSA also provides, *inter alia*, that:

> 7.    DEFAULT
> The occurrence of any of the following shall constitute an event of default ("Event of Default"):
> 7.1    Failure to Pay.  Failure to pay an Obligation or part thereof, including any installment of principal or interest or other charges due and owing to Lender ...when due;
> 7.2    Failure to Perform.  Failure to perform or abide by any covenant contained in this Agreement or the Relevant Documents;
> 7.3    Cross Default; Default on Other Debt.  The occurrence of any default on any obligation or indebtedness of ... any guarantor of Borrower ...
> 7.4    False Representation or Warranty.  The Borrower shall have made any representation or warranty in this Agreement ...which is at any time found to have been false in any material respect at the time such representations or warranty was made or thereafter.
> .
> .
> .
> .
> 7.8    Change in Condition.  There occurs any change in the condition or affairs, financial or otherwise, of Borrower or of any endorser, guarantor of Borrower or surety for the liability of Borrower to Lender which in the opinion of Lender impairs Lender's security or increases its risk;
> .
> .
> .
> 7.10    Insecurity. At any time the Lender deems itself insecure.

14.    Events of Default have occurred with respect to the LSSA by virtue of, *inter alia*, the following, which defaults have occurred independently and cumulatively with respect to the Corporate Defendant and Guarantors:

(a)    Corporate Defendant's failure to pay all amounts due pursuant to the LSSA including but not limited to, repayment of Advances (as defined in the LSSA) and interest, following demand therefore and/or subsequent to the occurrence of other events requiring the payment in full of all sums outstanding under the LSSA;

(b)    Cessation of business operations of the Corporate Defendant, in violation of, inter alia, Sections 3.6 and 5.2;

(c)    Guarantor Greenberg's default of other obligations which have been declared in default and due prior to its date of maturity.

15.    Accordingly, all sums currently outstanding pursuant to the LSSA are now due and owing in full, no part of which have been paid, despite demand therefore.

## FIRST COUNT
## (BREACH OF CONTRACT)

16.    Plaintiff repeats, reiterates and realleges the allegations set forth in paragraphs "1" through "15" of this Complaint as more fully set forth at length herein.

17.    By letters dated August 11, 2006, demand was made upon the Corporate Defendant for payment of Corporate Defendant's debt to the Plaintiff. Copies of the demand letters are annexed hereto and made a part hereof as Exhibit "B".

18.    As of this date, no part of the amount due and owing to the Plaintiff has been paid

by the Corporate Defendant.

19.    By the reason of the foregoing the Corporate Defendant is in breach for failure to pay the amounts outstanding pursuant to the LSSA, although duly demanded. As a result of said breach, there is now due and owing, pursuant to the terms of the LSSA principal and interest through April 18, 2007 in the amount of $1,587,298.03, with interest continuing to accrue thereon from April 19, 2007.

20.    Pursuant to section "8.5" of the LSSA, the Corporate Defendant agreed to pay attorneys' fees in the amount of 15% of the Obligations, as defined, plus disbursements in the event of a default.

21.    As a result of the foregoing, the Corporate Defendant is indebted to the Plaintiff in the total amount of $1,587,298.03, with interest continuing to accrue thereon from April 19, 2007 to the date of entry of judgment herein, plus attorneys' fees and expenses pursuant to the terms of the LSSA, plus the costs and disbursements of this action.

## SECOND COUNT
### (UNJUST ENRICHMENT)

22.    Plaintiff repeats, reiterates and realleges the allegations set forth in paragraphs "1" through "21" of this Complaint as if more fully set forth at length herein.

23.    The Corporate Defendant has failed to account for, pay over and deliver the Advances, as defined in the LSSA, and has retained same for its own use and benefit.

24.    Such conduct by the Corporate Defendant has caused it to be unjustly enriched to the detriment of the Plaintiff.

25.    As a direct and approximate result of the Corporate Defendant's conduct, Plaintiff

has been and will continue to be damaged in the amount of $1,587,298.03, with interest

continuing to accrue thereon from April 19, 2007 to the date of entry of judgment herein, plus

attorneys' fees and expenses pursuant to the terms of the LSSA, and the costs and disbursements

of this action.

## THIRD COUNT
### (ACCOUNT STATED)

26.    Plaintiff repeats, reiterates and realleges the allegations set forth in paragraphs "1"

through "25" of this Complaint as if more fully set forth at length herein.

27.    That on a regular basis Plaintiff rendered statements of account to the Corporate

Defendant .

28.    The Corporate Defendant accepted and retained said statements of account

without dispute.

29.    As a result of the foregoing, Plaintiff has stated an account with the Corporate

Defendant in the amount of $1,587,298.03, plus interest continuing to accrue thereon from April

19, 2007.

30.    As a result of the foregoing, the Corporate Defendant is indebted to the Plaintiff in

the total amount of $1,587,298.03, with interest continuing to accrue thereon from April 19, 2007

to the date of entry of judgment, plus attorneys' fees and expenses pursuant to the terms of the

LSSA, and the costs and disbursements of this action.

## FOURTH COUNT
### (BREACH OF CONTRACT- THE GUARANTEES)

31.    Plaintiff repeats, reiterates and realleges the allegations set forth in paragraphs "1"

through "30" of this Complaint as if more fully set forth at length herein.

32.     In connection with the LSSA and in consideration of financial accommodations given or to be given or continued to be given by Plaintiff to the Corporate Defendant and to induce the Plaintiff to extend or continue credit to the Corporate Defendant, on or about March 22, 2000, each of the Guarantors executed his/her guaranty (the "Guarantees"), copies of which are annexed hereto and made a part hereof as Exhibits "C" and "D", respectively.

33.     Each of the Guarantees provide, in pertinent part, that:

> [T]he undersigned [Guarantor] ...  absolutely and unconditionally
> guarantee the full and prompt payment when due, by acceleration
> or otherwise, and at all times thereafter, to Bank, its successors,
> transferees, and assigns, of any and every liability or liabilities in
> any amount, of any nature and in any form, now existing or
> hereafter arising, of or from ... Obligor to Bank...whether absolute
> or contingent, direct or indirect, secured or unsecured...and any and
> all expenses including attorneys' fees... (Liabilities).

34.      The Guarantors each agreed that they would be jointly and severally liable to the Plaintiff for the Corporate Defendant's Liabilities, as defined in the Guarantees, to the Plaintiff.

35.     Demand letters were sent to the Guarantors on September 19, 2006.  Copies of the demand letters are annexed hereto collectively as Exhibit "E" and made a part hereof.

36.     By virtue of the Corporate Defendant's default, the Guarantors are each liable to the Plaintiff in an amount of $1,587,298.03, with interest continuing to accrue thereon from April 19, 2007 to the date of entry of judgment, plus attorneys' fees and expenses pursuant to the terms of the Guarantees, and the costs and disbursements of this action.

**WHEREFORE,** Plaintiff respectfully demands judgment as against the Defendants as follows:

(1)     on the First Count: the Plaintiff demands judgment against the Corporate

Defendant in the sum of $1,587,298.03, with interest continuing to accrue thereon from April 19, 2007 to the date of entry of judgment, plus attorney's fees and expenses pursuant to the terms of the LSSA, and the costs and disbursements of this action; and

(2)    on the Second Count : the Plaintiff demands judgment against the Corporate Defendant in the sum of $1,587,298.03, with interest continuing to accrue thereon from April 19, 2007 to the date of entry of judgment, plus attorney's fees and expenses pursuant to the terms of the LSSA, and the costs and disbursements of this action;

(3)    on the Third Count: the Plaintiff demands judgement against the Corporate Defendant in the sum of $1,587,298.03, with interest continuing to accrue thereon from April 19, 2007 to the date of entry of judgment, plus attorney's fees and expenses pursuant to the terms of the LSSA, and the costs and disbursements of this action;

(4)    on the Third Count : the Plaintiff demands judgment against the Guarantors, jointly and severally, in the of $1,587,298.03, with interest continuing to accrue thereon from April 19, 2007 to the date of entry of judgment, plus attorney's fees and expenses pursuant to the terms of the Guarantees, and the costs and disbursements of this action;

(5)     and such other and further relief as the Court may deem just and proper.


Dated: New York, New York
      October 8, 2007

**PLATZER, SWERGOLD, KARLIN,
LEVINE, GOLDBERG & JASLOW, LLP**
*Attorneys for the Plaintiff*

By:_____

**LINDA MANDEL GATES (LMG/4953)**
1065 Avenue of the Americas, 18th Floor
New York, New York 10018
212-593-3000 Tel.
212-593-0353 Fax